IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY BARNES                                                                                            PLAINTIFF

V.                                           2:25-CV-02147-MEF

FRANK BISIGNANO, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                                  DEFENDANT

**MEMORANDUM OPINION**

    This is an action seeking review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff Jerry Barnes' ("Plaintiff") application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f.  The case is presently before the Court on the Commissioner's Unopposed Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g).  (ECF Nos. 15-16).  The parties have consented to a decision by the United States Magistrate Judge.  (ECF Nos. 7, 8).  The Court has fully considered the issues and, for the reasons given below, the motion for reversal and remand is GRANTED.

    Plaintiff completed an application for SSI on September 8, 2022, alleging a disability beginning April 21, 2008, due to degenerative disc disease, herniated disc, hand/wrist/arm problems, anxiety disorder, depression, psychotic disorder, schizophrenia, and post-traumatic stress disorder ("PTSD").  (ECF No. 9, pp. 173-182, 188-195).  The agency denied the application initially and upon reconsideration.  (*Id.*, pp. 69-84).  Plaintiff filed a request for a hearing, which was held on May 8, 2024.  (*Id.*, pp. 44-68, 109).  Plaintiff was present and represented by counsel, who amended Plaintiff's disability onset date to September 8, 2022.  (*Id.*).  By written decision dated October 1, 2024, the ALJ determined that Plaintiff was not entitled to benefits.  (*Id.*, pp. 22-

38).  The ALJ's decision became the final decision of the Commissioner on September 10, 2025, when the Appeals Council denied Plaintiff's request for review.  (*Id.*, pp. 9-13).

On November 12, 2025, Plaintiff initiated this civil action by filing a Complaint seeking judicial review of the Commissioner's administrative decision pursuant to 42 U.S.C. § 405(g).  (ECF No. 2).  As permitted by the Supplemental Rules for Social Security, the Commissioner answered the Complaint by filing the Social Security Transcript on January 8, 2026.  (ECF No. 9).  *See* Fed. R. Civ. P. Supp. R. Soc. Sec. 4(b) (stating that the answer in a proceeding under 42 U.S.C. § 405(g) may be limited to a certified copy of the administrative record).  Plaintiff filed his Appeal Brief on February 9, 2026.  (ECF No. 14).  In the Complaint and in the Appeal Brief, Plaintiff asserts, in relevant part, that reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) are appropriate because the ALJ failed to follow relevant regulations and agency rulings in evaluating Plaintiff's application for benefits.  (ECF No. 2, pp. 3-4; ECF No. 14, pp. 1-11).  More specifically, Plaintiff contends the analysis of his RFC does not accurately reflect limitations that were endorsed by a medical expert whose opinion the ALJ found persuasive, and that the requirements for the jobs identified at Step 5 are inconsistent with the limitations assessed in the RFC.  (ECF No. 14, pp. 1-11).  On March 2, 2026, the Commissioner filed the instant motion, acknowledging that, upon further review of the ALJ's decision and the certified administrative record, the case merits reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 15-16).  The Commissioner further represents that Plaintiff, by his counsel, has confirmed that he does not oppose the motion.  (ECF No. 15, p. 1).

"Sentences four and six of § 405(g) outline 'the exclusive methods by which district courts may remand to the [Commissioner][.]" *Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) (quoting *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993)).  Relevant here, the fourth sentence of §

405(g) authorizes a court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Supreme Court has observed that this language permits a remand to be made in conjunction with a substantive ruling as to the correctness of the administrative decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991) (noting the requirement of a substantive ruling is one of the distinguishing features of a sentence-four remand).[1] *See also Pottsmith*, 306 F.3d at 528 (same).

In his brief, Plaintiff argues that the record does not evince substantial evidence to support the Commissioner's decision because the ALJ's RFC assessment and Step 5 analysis are flawed. (ECF No. 14, pp. 1-11). He specifically requests a remand pursuant to sentence four. (*Id.,* p. 11). In his motion, the Commissioner—without contesting Plaintiff's substantive arguments—concedes that reversal and remand pursuant to sentence four is necessary. Accordingly, the Court **GRANTS** the Commissioner's Unopposed Motion for Reversal and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (ECF No. 15-16); **REVERSES** the final decision of the Commissioner; and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED on this 5th day of March 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1] Under sentence six, which is not implicated here, "the district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination." *Travis v. Astrue*, 477 F.3d 1037, 1039-1040 (8th Cir. 2007) (internal quotation and citation omitted).